# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN R. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-024-KEW |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff John R. Green (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 16, 1987 and was 28 years old at the time of the ALJ's decision. Claimant completed his high school education and some college course work. Claimant has worked in the past as a spot welder, military crew member, feed loader, metal cutter, and store attendant. Claimant alleges an inability to work beginning May 30, 2012 due to limitations resulting from chronic knee and back pain, PTSD, and abdominal and gastrointestinal

3

problems.

**Procedural History**

On January 27, 2015, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On October 8, 2015, an administrative hearing was held before Administrative Law Judge ("ALJ") Edmund C. Werre in Muskogee, Oklahoma. By decision dated November 2, 2015, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on December 2, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work. He also found Claimant could perform medium work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider Claimant's VA disability rating; (2) failing to

4

properly evaluate opinion evidence; and (3) performing an improper credibility analysis.

## Consideration of the VA Rating

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease fo the cervical and lumbar spines, knee and hip impairments, status post abdominal gunshot wound, major depressive disorder, and post traumatic stress disorder ("PTSD") (Tr. 13). The ALJ determined Claimant retained the RFC to perform his past relevant work as a spot welder (performed at the medium exertional level) and feed loader (also performed at the medium exertional level). (Tr. 18).

The ALJ also determined Claimant could perform medium work. In so doing, he found Claimant was limited to lifting/carrying 50 pounds and 25 pounds frequently; sitting for six hours and standing or walking for six hours in an eight hour workday. Claimant was able to understand, remember, and carry out simple instructions consistent with unskilled work that is repetitive and routine in nature and able to relate and interact with co-workers and supervisors on a work-related basis only with no to minimal interaction with the general public. Claimant could adapt to a work situation with these limitations and his medications would not preclude himn from remaining reasonably alert to perform required

5

functions presented in a work setting. (Tr. 15).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of hardware assembler, final inspector, and laminator, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 19-20). As a result, the ALJ determined Claimant was not under a disability from May 30, 2012 through the date of the decision. (Tr. 20).

Claimant contends the ALJ failed to properly evaluate the disability rating provided to Claimant by the Veterans Administration ("VA"). The VA determined Claimant was 30% graduating up to 70% disabled due to PTSD, 10% from lumbar strain, 10% from left knee strain, 10% from right knee strain, and 10% from right hip strain with limitation of extension of the thigh, all effective on varying dates. The agency also found Claimant was entitled to individual unemployability effective August 26, 2013. (Tr. 453). The ALJ recognized this disability rating in his decision, noting that the disability determination process between the two agencies was "fundamentally different." He stated the VA does not make a function-by-function assessment of an individual's capabilities or determine whether Claimant is able to perform work. He, therefore, concluded the VA disability rating was "of little

probative value in these proceedings" and gave it "little weight." (Tr. 17-18).

Claimant draws the unsupported conclusion that "[a] 100 percent disability in the VA is just like an individual who does not have the RFC to perform any of the jobs available to a hypothetical person." Claimant's protestations to the contrary notwithstanding, the difference between the evaluation standards of the two agencies is significant and the ALJ was correct that the lack of an individualized functional analysis makes a comparison of the two agencies' findings difficult.

"Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the VA's disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). However, as the Tenth Circuit stated in a case stemming from this Court, when an ALJ states he considered a VA disability rating, he is taken at his word. McFerran v. Astrue, 437 Fed. Appx. 634, 638 (10th Cir. 2011). No error is attributed to the ALJ's assessment of the VA disability rating.

7

**Evaluation of the Opinion Evidence**

Claimant contends the ALJ improperly evaluated and rejected the opinion of consultative mental examiner, Dr. Ronald Schatzman. On August 27, 2013, Dr. Schatzman examined Claimant and diagnosed him with abdominal pain from a gunshot wound, back pain, hip pain, depression, PTSD, and stated "[t]his gentleman is significantly impaired from activities of daily living." (Tr. 425). The ALJ noted this opinion but gave "little weight" to the portion of the opinion on restrictions in activities of daily living. He justified this assessment by finding "[t]here is nothing in the objective evidence to show this opinion would be substantiated." (Tr. 16).

The ALJ is required to evaluate every medical opinion. Salazar v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006). Even non-treating consultative physician's opinions must be evaluated under the factors listed in 20 C.F.R. §§ 1527(d) and 416.927(d). Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant

evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ appears to have only rejected the finding on activities of daily living from Dr. Schatzman's report. The problem with the report is it does not contain any explanation for the finding of such extreme limitation. Nothing from his subjective discussions with Claimant indicates such limitations. He undoubtedly suffers from pain but the "significantly impaired" finding finds no support internally within the examination report – and this is significant since a consultative examiner's report is

his only exposure in the record for review. This Court finds no error in the ALJ's consideration of Dr. Schatzman's opinion.

Claimant also contends the ALJ improperly evaluated the third party report of Claimant's mother and father. (Tr. 199-206, 222-30). The ALJ did evaluate Claimant's mother's statement and found it reported Claimant could perform many more activities than Claimant testified. While he did not expressly weigh the opinion, he clearly accepted its content, concluding the activities reported by Claimant's mother "appear more consistent with the totality of evidence than those given by Claimant." (Tr. 15). While the father's report is not referenced, it does not differ significantly from the mother's statement. This Court finds no error in the ALJ's consideration of the lay witness statements.

### Credibility Determination

The ALJ determined Claimant's testimony of limitations and pain were not "entirely credible." (Tr. 16). He cited to objective x-rays which revealed no displaced fracture or dislocation. He referenced Dr. Schatzman's physical examination findings which included no point tenderness, normal grip strength, an ability to perform gross and find tactile manipulation. While he had tenderness in both knees, his spine was non-tender with full range of motion. Straight leg raising was negative bilaterally and

his gait was safe and stable. The ALJ also thoroughly discussed the medical examination record which lends little support for the extreme limitation to which Claimant testified. (Tr. 16-18).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or

other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements. The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED.**

IT IS SO ORDERED this 31st day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE